IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40774
Conference Calendar
_____

MARION BOOTH HOLMESLY, JR.,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-97-CV-564
- - - - - - - - - -

June 16, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Marion Booth Holmesly, Jr., Texas prisoner #498018, filed the instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254. The district court dismissed the application as time-barred under 28 U.S.C. § 2244(d) because the instant application was filed more than one year after Holmesly's conviction became final, but granted a certificate of appealability regarding whether this case warrants equitable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tolling of the limitations period.  Holmesly argues that his retained appellate counsel failed to file a motion for rehearing and a petition for discretionary review in state court, as he had instructed him to do, and that Holmesly had filed the instant application as soon as he became aware of his counsel's failure to file.

In Davis v. Johnson, 158 F.3d 806, 810-11 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999), this court held that the principle of equitable tolling applied to § 2244(d)'s limitations period.  Equitable tolling is available only "in rare and exceptional circumstances."  Id. at 811.  Holmesly's counsel's alleged failure to file and Holmesly's apparent failure to keep himself apprised of the status of his case fail to meet this standard.  See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)("principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

Accordingly, the district court's judgment is AFFIRMED.